**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
GALBRAITH & PAUL, INC.,               :
                                         :
            Plaintiff,           :       **Civil Action No.**
                                           :
            v.                    :
                                         :
GAINMORE INTERNATIONAL, INC.,   :
SUPERGAIN, INC.,                :
OLIVER WULFE, DENNIS NG, and    :
FRANCESCA'S HOLDINGS CORP.,    :
                                         :      (JURY DEMANDED)
            Defendants.       :
-------------------------------------------------------------X

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Galbraith & Paul, Inc., by its attorneys, for its Complaint against Defendants Gainmore International, Inc., Supergain, Inc., Oliver Wulfe, Dennis Ng, and Francesca's Holdings Corp., alleges as follows:

### SUMMARY OF ACTION

1.     Plaintiff Galbraith & Paul, Inc., ("Galbraith & Paul") has valid, registered copyright rights in its well-known "Seville Medallion" design for fabric.

2.     Defendants Gainmore International, Inc. and/or Supergain, Inc. have caused the manufacture of, imported, distributed, displayed, offered for sale and/or sold, without permission and for their own benefit, unauthorized reproductions of Plaintiff's Seville Medallion design, and the same may be deemed counterfeits.

3.     Francesca's Holdings Corp., with full knowledge of Plaintiff's rights, induced the manufacture of and purchased unauthorized reproductions of Plaintiff's Seville Medallion design

from Gainmore International, Inc. and/or Supergain, Inc. and displayed without permission, such unauthorized reproductions.

4.      Defendants' intentional violations of Galbraith & Paul's copyright require an imposition of copyright damages and an injunction against such continued violations.

## JURISDICTION AND VENUE

5.      This complaint alleges causes of action for copyright infringement under the Copyright Laws of the United States, 17 U.S.C. §101 *et seq.*

6.      The Court has subject matter jurisdiction over the copyright claims in this action pursuant to 28 U.S.C. §1331.

7.      Defendants Gainmore International, Inc. and/or Supergain, Inc. created unauthorized reproductions of Plaintiff's Seville Medallion design whereby Defendant Francesca's Holdings Corp. purchased said unauthorized reproductions from Gainmore International, Inc. and/or Supergain, Inc. and displayed them at two locations located at 1327 Third Avenue, New York, New York 10021 and at 2345 Broadway, New York, New York 10024. Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b), and §1400(a).

## PARTIES

8.      Plaintiff Galbraith & Paul is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with an address of 116 Shurs Lane, Philadelphia, PA 19127.

9.      Galbraith & Paul is a well-known designer and manufacturer of original high-end textile products, and its products are sold throughout the United States and the world. Galbraith & Paul conducts a significant amount of its business in this judicial district as its products are

sold at a Holland & Sherry showroom located at 979 Third Ave, New York, New York 10022. Further, this District is highly regarded as a center of the fabric design and interior design industries.

10.     Upon information and belief, Defendant Gainmore International, Inc. is a corporation organized and existing under the laws of the State of Texas, has a principal place of business at 1306FM 1092 Rd STE 509, Missouri City, TX 77459, and is engaged in the importation of miscellaneous goods and in screen printing on fabric articles.

11.     Upon information and belief, Defendant Supergain, Inc. is a corporation organized and existing under the laws of the State of Texas, has a principal place of business at 2723 Pennisulas Dr., Missouri City, TX 77459, and is engaged in screen printing on fabric articles.

12.     Upon information and belief, Defendant Oliver Wulfe, is an individual with an address at 2723 Pennisulas Dr., Missouri City, TX 77459. Upon information and belief, Defendant Oliver Wulfe is a principal of Defendant Gainmore International, Inc. and is otherwise responsible for the infringing activities of said corporate Defendant Gainmore International, Inc. as alleged hereinafter.

13.     Upon information and belief, Defendant Dennis Ng, is an individual with an address at 2723 Pennisulas Dr., Missouri City, TX 77459. Upon information and belief, Defendant Dennis Ng is a principal of Defendant Supergain, Inc. and is otherwise responsible for the infringing activities of said corporate Defendant Supergain, Inc. Defendants Gainmore International, Inc., Supergain, Inc., Oliver Wulfe, and Dennis Ng are hereinafter referred to as the "Gainmore Defendants."

14.     Upon information and belief, Defendant Francesca's Holdings Corp.

3

("Francesca's") is a corporation organized and existing under the laws of the State of Texas, headquartered at 8760 Clay Road, Houston, Texas 77080, and is engaged in specialty retail, operating a chain of boutiques across the United States offering a mix of apparel, jewelry, accessories, and gifts. Francesca's operates two boutiques within this district located at 1327 Third Avenue, New York, New York 10021 and at 2345 Broadway, New York, New York 10024, and sells its goods online via the Francesca's website at <www.francescas.com>.

## COUNT I

### (Copyright Infringement by the Gainmore Defendants)

15. Plaintiff realleges Paragraphs 1 through 14 as if fully set forth herein.

16. This cause of action arises under the Copyright Laws of the United States, Title 17 U.S.C. § 101 *et seq*.

17. Galbraith & Paul is well known and highly regarded in the design field for its design exclusivity. Galbraith & Paul's fabrics are not available in the mass-market and are purchased primarily through design showrooms. Galbraith & Paul's customer base knows that its original designs are exclusive to Galbraith & Paul.

18. One of Galbraith & Paul's most popular and publicized design is its Seville Medallion design. The Galbraith & Paul Seville Medallion design is wholly original and is copyrightable under the Copyright Laws of the United States, 17 U.S.C. §101 *et seq*.

19. Galbraith & Paul has previously duly complied with the provisions of the Copyright Laws of the United States, and has secured rights and privileges in and to the Seville Medallion design, and has obtained from the Register of the Copyrights a Certificate of Registration pertaining to said design, identified as "Seville Medallion", Copyright Registration No. 1-717-283, and registered on April 23, 2010. A copy of this Certificate of Copyright

Registration is attached hereto as **Exhibit A**. In addition, a copy of Plaintiff's Seville Medallion design is attached hereto as **Exhibit B**.

20.     Plaintiff's Seville Medallion design is well known in the marketplace and has been sold since 2010. The design is sold by Galbraith & Paul in several colorways, and on various fabric applications, as shown in **Exhibit C**, and has been used to cover a variety of products, such as fabric, curtains, and furniture.

21.     The Galbraith & Paul Seville Medallion design has been displayed on Plaintiff's website, <www.galbraithandpaul.com>, since 2010. The Seville Medallion design has been on display at high-end and specialty retailer showrooms to the trade throughout the United States and internationally, and has also been featured in numerous publications distributed throughout the United States and internationally, including *House Beautiful*, as shown in **Exhibit D**.

22.     On information and belief, the Gainmore Defendants have infringed Plaintiff's copyright rights by causing the manufacture of, importing, and selling ottomans imprinted with a design ("Infringing Print") which is a reproduction of the Galbraith & Paul Seville Medallion design, in violation of Plaintiff's rights under 17 U.S.C. § 106(1), § 106(2) and § 106(3). An image of an infringing reproduction is enclosed as **Exhibit E**.

23.     As reflected in the below chart, the Infringing Print bears a design that is a slavish copy of Galbraith & Paul's original Seville Medallion design.

| Galbraith & Paul "Seville Medallion" Design | The Gainmore Defendants Print |
|---|---|
|  |  |

24.     The Infringing Print was widely viewed by consumers in at least one Francesca's store in Pennsylvania and two in New York as printed onto ottomans used as seats for customers. Images of such ottomans at Francesca's stores are enclosed as **Exhibit F**.

25.     On information and belief, such ottomans are located at all Francesca's stores.

26.     On information and belief, the Gainmore Defendants obtained the Galbraith & Paul Seville Medallion design, without authorization from Galbraith & Paul, from Francesca's and arranged for the printing of the design onto ottomans.

27.     On information and belief, the Gainmore Defendants negligently failed to conduct due diligence as to the true ownership of the Seville Medallion design, prior to the time it began printing and selling infringements.

28.     On information and belief, the Gainmore Defendants sold the Infringing Print to Francesca's to be used throughout the United States. Francesca's senior counsel has confirmed that Francesca's purchased ottomans bearing the Infringing Print from the Gainmore Defendants.

29.     Plaintiff provided the Gainmore Defendants notice of its rights in the Seville Medallion design, as per a notice letter sent on July 17, 2017, to which the Gainmore Defendants have not responded as of the requested response date of July 28, 2017.

30.     The Gainmore Defendants' activities have caused harm to Plaintiff, and the Gainmore Defendants have profited from the foregoing acts of infringement. As a result of the Gainmore Defendants' wrongful activities, unauthorized copies of the Seville Medallion design were seen on display in Francesca's stores, without credit to Galbraith & Paul, undermining Galbraith & Paul's important asset of design exclusivity.

31.     All of the acts of the Gainmore Defendants as set forth in the preceding paragraphs were undertaken without the permission, license, or consent of Galbraith & Paul, and

are irreparably damaging to Galbraith & Paul and its reputation for design exclusivity.

32.     As a direct and proximate result of such infringement, the Gainmore Defendants have derived and received gains, profits, and advantages in an amount yet to be determined.

33.     Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to actual damages and any additional profits attributable to the Gainmore Defendants' infringing acts. Moreover, to the extent that the Gainmore Defendants' infringement of the Seville Medallion commenced after the effective date of the registration, Plaintiff is entitled to receive statutory damages for willful infringement in an amount up to $150,000.

34.     Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to its full costs of the action. Additionally, to the extent that the Gainmore Defendants' infringement of the Seville Medallion commenced after the effective date of the registration, Plaintiff is entitled to recover its attorneys' fees.

35.     Due to the Gainmore Defendants' infringing acts, Plaintiff has suffered significant and irreparable injury for which Plaintiff has no adequate remedy at law.

36.     Unless enjoined by this Court, the Gainmore Defendants' infringement is likely to continue unabated, causing further irreparable harm to Plaintiff.

## COUNT II

### (Copyright Infringement by Francesca's in violation of 17 U.S.C. § 106(1))

37.     Plaintiff realleges Paragraphs 1 through 36 as if fully set forth herein.

38.     Francesca's purchased fabric with the Seville Medallion design from Plaintiff from 2010 to 2015 for use on lighting and drapes, and thus Francesca's was fully aware of Plaintiff's rights.

39.     On information and belief, Francesca's provided samples of the Seville Medallion

design purchased from Plaintiff to the Gainmore Defendants and requested reproduction of the Seville Medallion design in the form of the Infringing Print. Francesca's thereby violated Plaintiff's exclusive rights to reproduce the copyrighted Seville Medallion in copies.

40.     Francesca's continues to display the Infringing Print despite being reminded of Plaintiff's rights.

41.     As a direct and proximate result of such infringement, Francesca's has derived and received gains, profits, and advantages in an amount yet to be determined.

42.     Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to actual damages and any additional profits attributable to the infringing acts of Francesca's. Moreover, to the extent that the infringement by Francesca's of the Seville Medallion commenced after the effective date of the registration, Plaintiff is entitled to receive statutory damages for willful infringement in an amount up to $150,000.

43.     Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to its full costs of the action. Additionally, to the extent that the infringement by Francesca's of the Seville Medallion commenced after the effective date of the registration, Plaintiff is entitled to recover its attorneys' fees.

44.     Due to the infringing acts of Francesca's, Plaintiff has suffered significant and irreparable injury for which Plaintiff has no adequate remedy at law.

45.     Unless enjoined by this Court, infringement by Francesca's is likely to continue unabated, causing further irreparable harm to Plaintiff.

## COUNT III

### (Copyright Infringement by Francesca's in violation of 17 U.S.C. § 106(2))

46.     Plaintiff realleges Paragraphs 1 through 45 as if fully set forth herein.

47.     On information and belief, Francesca's provided samples of the Seville Medallion design purchased from Plaintiff to the Gainmore Defendants and requested reproduction the Seville Medallion design in the form of the Infringing Print, thereby violating Plaintiff's exclusive rights to prepare derivative works based upon the copyrighted Seville Medallion.

48.     As a direct and proximate result of such infringement, Francesca's has derived and received gains, profits, and advantages in an amount yet to be determined.

49.     Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to actual damages and any additional profits attributable to the infringing acts of Francesca's. Moreover, to the extent that the infringement by Francesca's of the Seville Medallion commenced after the effective date of the registration, Plaintiff is entitled to receive statutory damages for willful infringement in an amount up to $150,000.

50.     Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to its full costs of the action. Additionally, to the extent that the infringement by Francesca's of the Seville Medallion commenced after the effective date of the registration, Plaintiff is entitled to recover its attorneys' fees.

51.     Due to the infringing acts of Francesca's, Plaintiff has suffered significant and irreparable injury for which Plaintiff has no adequate remedy at law.

52.     Unless enjoined by this Court, infringement by Francesca's is likely to continue unabated, causing further irreparable harm to Plaintiff.

## COUNT IV

### (Copyright Infringement by Francesca's in violation of 17 U.S.C. § 106(5))

53.     Plaintiff realleges Paragraphs 1 through 52 as if fully set forth herein.

54.     On information and belief, Francesca's displayed the Infringing Print in at least

three stores thereby violating Plaintiff's exclusive rights to display the copyrighted pictorial/graphic Seville Medallion publicly.

55.    As a direct and proximate result of such infringement, Francesca's has derived and received gains, profits, and advantages in an amount yet to be determined.

56.    Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to actual damages and any additional profits attributable to the infringing acts of Francesca's. Moreover, to the extent that the infringement by Francesca's of the Seville Medallion commenced after the effective date of the registration, Plaintiff is entitled to receive statutory damages for willful infringement in an amount up to $150,000.

57.    Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to its full costs of the action. Additionally, to the extent that the infringement by Francesca's of the Seville Medallion commenced after the effective date of the registration, Plaintiff is entitled to recover its attorneys' fees.

58.    Due to the infringing acts of Francesca's, Plaintiff has suffered significant and irreparable injury for which Plaintiff has no adequate remedy at law.

59.    Unless enjoined by this Court, infringement by Francesca's is likely to continue unabated, causing further irreparable harm to Plaintiff.

**COUNT V**

**(Contributory Copyright Infringement by Francesca's)**

60.    Plaintiff realleges Paragraphs 1 through 59 as if fully set forth herein.

61.    On information and belief, Francesca's knowingly induced and materially contributed to the infringing conduct of the Gainmore Defendants in the illegal reproduction of Plaintiff's Seville Medallion design.

62.    On information and belief, Francesca's is contributorily liable for the infringement alleged herein because Francesca's had the ability to induce and materially contribute to the infringing conduct of the Gainmore Defendants by providing the Gainmore Defendants with the Seville Medallion design without the permission, license, or consent of Galbraith & Paul and therefore had knowledge of the infringing activity.

63.    The activities of Francesca's have caused harm to Plaintiff. Upon information and belief, as a result of the wrongful activities of Francesca's, unauthorized copies of the Seville Medallion design were seen in stores, without credit to Galbraith & Paul, undermining Galbraith & Paul's design exclusivity.

64.    All of the acts of Francesca's, as set forth in the preceding paragraphs, were undertaken without the permission, license, or consent of Galbraith & Paul, and are irreparably damaging to Galbraith & Paul and its reputation for design exclusivity.

65.    As a direct and proximate result of such infringement, Francesca's has derived and received gains, profits, and advantages in an amount yet to be determined.

66.    Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to actual damages and any additional profits attributable to the infringing acts of Francesca's. Moreover, to the extent that the infringement by Francesca's of the Seville Medallion commenced after the effective date of the registration, Plaintiff is entitled to receive statutory damages for willful infringement in an amount up to $150,000.

67.    Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to its full costs of the action. Additionally, to the extent that the infringement by Francesca's of the Seville Medallion commenced after the effective date of the registration, Plaintiff is entitled to recover its attorneys' fees.

68.     Due to the infringing acts of Francesca's, Plaintiff has suffered significant and irreparable injury for which Plaintiff has no adequate remedy at law.

69.     Unless enjoined by this Court, infringement by Francesca's is likely to continue unabated, causing further irreparable harm to Plaintiff.

## DAMAGES

WHEREFORE, Plaintiff demands:

A.     That Defendants, their agents, servants, related companies, and all parties in privity with them, or any one of them, be enjoined preliminarily and permanently from infringing Plaintiff's copyright rights in the Seville Medallion design by: manufacturing, causing the manufacture of, displaying, distributing, selling, importing, promoting and/or advertising the Infringing Print, or any other products that contain a design substantially similar to Plaintiff's Seville Medallion design;

B.     That Defendants be required to deliver up to be impounded during the pendency of this action the Infringing Print, and all products bearing a design substantially similar to Plaintiff's copyrighted Seville Medallion design;

C.     That Defendants recall any inventory of the Infringing Print currently in the possession of resellers, designers, or other third-party vendors which acquired said fabric from Defendants;

D.     That Defendants be required to pay Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' infringement, and to account for all gains, profits and advantages derived by Defendants from said infringement, and that such award for damages be trebled due to the willful and wanton nature thereof;

E.     That Defendants be responsible for enhanced statutory damages due to the willful

nature of their infringement as available under 17 U.S.C. §101 *et seq.*, in the maximum amount of $150,00;

      F.     That Defendants pay Plaintiff for its costs of this action and for Plaintiff's reasonable attorneys' fees, as the Court may allow Plaintiff.

      G.     That Plaintiff be granted such other and further relief as the Court may deem just.

## JURY DEMAND

Plaintiff demands a trial by jury.

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Plaintiff
270 Madison Avenue, 8th Floor
New York, New York 10016-0601
(212) 684-3900

By:

      George Gottlieb (GG 5761)
      Marc P. Misthal (MM 6636)

Dated: New York, New York
      August 3, 2017